IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TINA MARIE SHOOK : CIVIL ACTION
: NO. 17-3035
v. :
:
NANCY A. BERRYHILL, ACTING :
COMMISSIONER OF SOCIAL SECURITY :

# **O R D E R**

**AND NOW**, this **28th** day of **March, 2019**, upon consideration of the parties' submissions, the record, the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, and Plaintiff's objections thereto, it is hereby **ORDERED** that:

(1) Plaintiff's objections (ECF No. 16) are **OVERRULED**;[1]

---

[1] The Court has carefully considered Tina Shook's objections to Judge Strawbridge's Report and Recommendation ("R&R"). There is no need to repeat the history or facts of the case as Judge Strawbridge's R&R adequately relays that information.

The Court concludes that Judge Strawbridge has correctly and sufficiently addressed Shook's arguments and, thus, adopts his R&R. Nonetheless, the Court will address the three issues raised in the objections de novo. Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998).

a. Shook first contends that Judge Strawbridge erred in finding that the ALJ's conclusions that her impairments did not meet or equal Listings 1.02 and 1.06 (both of which require an inability to ambulate effectively) were supported by substantial evidence and legally adequate.

Shook asserts that the evidence establishes that she meets or equals the Listings in that, inter alia, she has been unable to effectively ambulate during her period of disability, despite attempts to do so. The ALJ concluded that the evidence did not show an inability to ambulate but instead showed the general resolution of her physical impairments with occasional flair-ups of pain necessitating the use of assistive devices. Judge Strawbridge concluded that substantial evidence supported the ALJ's determination. R&R 13-16. The Court agrees with Judge Strawbridge's analysis and, as he recognized, even if there is substantial evidence to support both views, this Court must affirm the ALJ's view. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

    b.    Second, Shook argues that Judge Strawbridge erroneously found that the ALJ's credibility evaluation was supported by substantial evidence and legally sound.

Shook asserts that the ALJ should not have considered the fact that she received unemployment benefits for six months during her alleged period of disability when weighing the credibility of her testimony. The Third Circuit has explained that it is "entirely proper for the ALJ to consider that [a claimant's] receipt of unemployment benefits [is] inconsistent with a claim of disability during the same period." Myers v. Barnhart, 57 F. App'x 990, 997 (3d Cir. 2003) (non-precedential). Shook disagrees with this assessment and explains at length why the social security system and the unemployment system are fundamentally different and why Myers is distinguishable. As described by Judge Strawbridge, this was but one factor considered by the ALJ. R&R 19-20. Moreover, the Court agrees with the reasoning of the Third Circuit in Myers that this is not an impermissible consideration.

Shook also argues that the ALJ did not adequately consider the limitations to her daily activities listed in her Function Report when making his credibility determination. See Tr. 176-183. Judge Strawbridge concluded that the ALJ was not required to cite every limitation alleged in the eight-page Function Report. R&R 20. Judge Strawbridge also asserted that most of the limitations Shook contends were not mentioned by the ALJ were, in fact, discussed when the ALJ summarized her hearing testimony. Id. The Court agrees with Judge Strawbridge's

2

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge David R. Strawbridge's Report and Recommendation (ECF No. 14);

(3) Plaintiff's request for review (ECF No. 10) is

---

assessment that the ALJ adequately described Shook's daily activities and that his assessment was supported by substantial evidence.

c. Third, Shook asserts that Judge Strawbridge erred in concluding that the ALJ's RFC assessment was supported by substantial evidence. Primarily, Shook contends that the ALJ erred by not including limitations regarding the use of her hands and the need to keep her foot elevated. The Court agrees with Judge Strawbridge that substantial evidence supports the ALJ's RFC assessment, including that these were not necessary restrictions. R&R 21-24. Again, Shook argues that the evidence merely shows isolated moments of improvement amid long stretches of disability, while the ALJ perceived the evidence as indicating a general ability to work with momentary flare-ups of symptoms. After considering the medical evidence, the ALJ evidently viewed Shook's need to raise her leg and use bilateral crutches as transient and not a necessary part of her RFC. In that the ALJ's view is supported by substantial evidence, it is of no moment whether the evidence could potentially support a different view. Hartranft, 181 F.3d at 360.

Shook also contends that Judge Strawbridge erred in relying on the absence of a physician's disability opinion in affirming the ALJ's conclusions. She correctly notes that the ultimate disability determination is reserved for the ALJ. However, she is incorrect that the absence of a physician's disability opinion is irrelevant. Indeed, "[w]hile the absence of [a statement of disability by a claimant's doctor] is not dispositive of the issue of disability, it is surely probative of non-disability." Thompson v. Halter, 45 F. App'x 146, 148 (3d Cir. 2002) (non-precedential).

d. Because the ALJ did not commit a reversible error and his decision is supported by substantial evidence, Shook's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.

3

**DENIED;** and

    (4) The Clerk of Court shall mark this case as **CLOSED.**

**AND IT IS SO ORDERED.**

*/s/ Eduardo C. Robreno*
*EDUARDO C. ROBRENO,      J.*